UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID KRANKEL ) | Case Number: |
| ) | |
| Plaintiff ) | CIVIL COMPLAINT |
| ) | |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| ASSET RECOVERY ASSOCIATES, INC. ) | |
| ) | |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, David Krankel by and through his undersigned counsel, Brent F. Vullings, Esquire and Bruce K. Warren, Esquire of Warren & Vullings, LLP complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, David Krankel, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.   Venue in this district is proper in that Defendant has an address in this district and transacts business here.

### III.   PARTIES

4.   Plaintiff, David Krankel, is an adult natural person residing at 624 Longhorn Drive, O Fallon, MO 63368.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.   Defendant, Asset Recovery Associates, Inc. at all times relevant hereto, is a corporation engaged in the business of collecting debt in the State of Missouri and the Commonwealth of Pennsylvania, with a Pennsylvania address of 1528 Walnut Street, Philadelphia, PA 19102.

6.   Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

7.   Plaintiff received an initial dunning letter from Defendant dated March 7, 2011 regarding an alleged debt owed to Credit Acceptance Corporation.  See a copy of the letter appended hereto and marked "**EXHIBIT A**".

8.   On March 18, 2011 Plaintiff mailed a request for debt validation in a letter dated March 15, 2011 to Defendant via USPS Certified Mail.  See a copy of the letter and return receipt appended hereto and marked "**EXHIBIT B**".

9. Plaintiff received a second letter from Defendant on April 22, 2011 prior to receiving any validation or verification of the alleged debt, as requested by Plaintiff in his March 15, 2011 letter. See a copy of the letter appended hereto and marked "**EXHIBIT C**".

10. Defendant chose to ignore Plaintiff's request and instead sent yet another demand for payment, wherein legal action is threatened by informing Plaintiff "we will be forced to take whatever action is necessary to bring this debt to a legal resolution."

11. Defendant's second letter is completely unwarranted as Plaintiff was never provided his requested debt validation, and Defendant's attempt at coercion of payment is a clear violation of Plaintiff's rights.

12. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its and its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Plaintiff herein.

15. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

16.  As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

17.  Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18.  The above paragraphs are hereby incorporated herein by reference.

19.  At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.  The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(c):   After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication

§ 1692d:     Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692e:     Any other false, deceptive or misleading representation or means in connection with the debt collection

| | | |
|---|---|---|
| § 1692e(2): | | Character, amount, or legal status of the alleged debt |
| § 1692e(5): | | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| § 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692g(b): | | Collector must cease collection efforts until debt is validated |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Asset Recovery Associates, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                **Respectfully submitted,**

                                                **WARREN & VULLINGS, LLP**

**Date: June 28, 2011**                        **BY:** *_/s/ Bruce K. Warren BKW4066_*
                                                Bruce K. Warren, Esquire
                                                **BY:** *_/s/ Brent F. Vullings BFV8435_*
                                                Brent F. Vullings, Esquire

                                                Warren & Vullings, LLP
                                                93 Old York Road, Suite 333
                                                Jenkintown, PA 19046
                                                215-745-9800   Fax 215-745-7880
                                                Attorney for Plaintiff